UNITED STATES FIDELITY & GUARANTY CO. v. FARMERS' & MERCHANTS' BANK. (Circuit Court of Appeals, Fifth Circuit. May 16, 1910.) No. 2,047. Appeal and Cross-Appeal from the Circuit Court of the United States for the Southern District of Mississippi. G. Q. Hall and Wm. M. Hall, for appellant and cross-appellee. P. Z. Jones and A. C. McNair, for appellee and cross-appellant. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges are of opinion that the fraudulent action of the cashier involved in this case was within the conditions of the bond said cashier gave with the appellant as his surety, and therefore that the appellant was properly adjudged liable, as determined by the decree of the Circuit Court, which is affirmed.

---

VILLAGE S. S. Co., Limited, v. STANDARD OIL CO. (Circuit Court of Appeals, Second Circuit. March 7, 1910.) No. 161. Appeal from the District Court of the United States for the Southern District of New York. This cause comes here upon appeal from a decree of the District Court dismissing a libel. The action was brought to recover a balance of freight withheld by the respondent from charter hire of the steamship Drumgeith to compensate for the failure of the ship to deliver certain cases of oil shipped from New York to Whampoa, China. The opinion of the District Judge is found in 171 Fed. 243. Charles R. Hickox, for appellant. Charles C. Burlingham, for appellee. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The District Judge has stated the facts very clearly and fully and we see no reason to dissent from his conclusions. It stands admitted that the Drumgeith received on board 149,160 cases, and the master testified that the ship's tally books at Whampoa, where she discharged into lighters sent by the consignee, showed the discharge of only about 148,619 cases. The Chinese stevedores and tallymen were employed and paid by the ship, and the circumstance that the agent of the consignee suggested that these particular individuals might be employed, at the same time warning the captain of their untrustworthiness unless carefully supervised by Europeans, does not relieve the ship of the burden of proving delivery of all cases received. In view of the shortage shown by the ship's tally books, the general testimony of the captain and first officer that, when discharge was completed, no cases were left on board, is not sufficient to establish full delivery. The decree is affirmed; with interest and costs.